# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT JUNE TERM, 1874.

THE STATE, EX REL. THOMAS LITTLE, v. THE TOWNSHIP
COMMITTEE OF UNION TOWNSHIP, UNION COUNTY.

A *mandamus* is not the proper remedy whereby to enforce the payment
of moneys due from a municipal corporation for work and labor.

By an act of the legislature, passed March 29th, 1871, a
certain part of the township of Union, in the county of Union,
was set apart as a road district, and was incorporated under
the name of the "Southeasterly Road District of the town-
ship of Union, in the county of Union." The purpose was
to have streets and highways laid out and improved in this
district, and for this purpose five commissioners were ap-
pointed. The relator entered into contracts with these com-
missioners, and did certain work under this law.

On the 1st of April, 1872, (*Pamph. Laws, p.* 972,) the
act just mentioned was repealed. In this latter law it was
declared as follows: "That this repeal of said act shall not,
in any way, affect or impair any legal contracts which the
board of commissioners of public roads of the southeasterly

road district of the township of Union, in the county of Union, have made, and which may remain unexecuted in whole or in part, at the time of the passage of this act, or any indebtedness contracted by said commissioners for improvements made under said act; but the township committee of the said township of Union, and their successors shall have power, and they are hereby authorized, to compromise and settle with the contractors, if possible, on such reasonable terms as, in their judgment, they may deem for the best interests of the district, or if a settlement cannot be had, then to carry out and complete all such legal contracts which the said commissioners of public roads have heretofore made, and which remain unexecuted, in whole or in part, at the time of the passage of this act, and to pay all just debts contracted by said commissioners for improvements under said act," &c.

There were three alternative *mandamuses* issued in this case; one at the relation of the above named prosecutor, the second in behalf of John Bryan & Co., and the third at the instance of John O. Magie. The three cases were argued together.

Argued at February Term, 1874, before the CHIEF JUSTICE and Justices WOODHULL, VAN SYCKEL and SCUDDER.

For the plaintiff, *R. S. Green.*

For the defendants, *W. J. Magie.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The prosecutor of this writ claims that the "Southeasterly road district of the township of Union, in the county of Union," entered into two contracts with him, the one for "regulating, grading and curbing," a certain street, and the other for the construction of a sewer in the same street. He also alleges that he performed work under one of these contracts—the contract thus referred to not being designated—and that for such services there is a certain

specified sum of money due to him. It is further averred that this debt was contracted for improvements made under an act entitled "An act in relation to streets in Union township, in Union county," approved March 29th, 1871; that said contract was unexecuted, in part, on the 1st day of April, 1872; and that the defendants have refused to carry out and complete the said contracts, or to provide funds to pay the moneys unpaid for said work. Upon these facts this court is asked to command the defendants "to carry out and complete the contracts," above mentioned, and to provide means to pay, and to pay him the moneys just specified. A return has been made to the writ, and a demurrer put in to this return.

Assuming the truth of the facts set forth in this writ, and the validity of the claim of the relator, still, I am of opinion that no ground is laid for the remedy now sought in this court. Upon the data thus conceded it would appear that the relator has a contract which the defendants ought to perform on their side, and a demand for certain moneys which they ought to pay, but these premises do not lead to the conclusion that he is entitled to a *mandamus* to enforce the performance of the one duty or the other. When a contract is violated or its obligation disregarded, or moneys due are withheld, the remedy is by suit at law, and, as a general rule, in such cases, this court will not attempt to redress the wrong by the use of its prerogative writ. In order to induce such intervention there must be some characteristic which takes the circumstances out of the common field of causes of action. Such an exceptional case is sometimes presented when a duty is plainly and specifically enjoined on a municipal corporation, and the remedy by an action at law, for its breach, is inadequate. I have no doubt that if a statute should direct an ascertained sum of money to be paid to an ascertained person by the authorities of a township, or other political precinct, the process in question might be used to coerce such payment in case of default. But that this remedy has not the broad scope now attributed to it is, I think, very clear. The legal

doctrine on this subject is succinctly and accurately stated by Judge Dillon, in his treatise on *Municipal Corporations, Vol. II*, § 686. His words are : " We have seen that it is a general rule, relating to the writ under consideration, that it will not lie if there be a plain and complete remedy by the more ordinary processes of the law, and this principle has been applied to the mode of compelling municipal corporations to to meet their liabilities and obligations. Therefore, it has been generally, but not uniformly, held, if the creditor may bring suit against the corporation and obtain a judgment, which may be enforced and rendered effectual by ordinary execution, that *mandamus* will not lie to compel payment in advance of judgment obtained, and this view is the one most consistent with principle, when the matter stands wholly unaffected by legislation." This, I think is the correct principle, for it is obvious that, unless the use of this process is subject to the restriction thus indicated, it is applicable in every case of a debt due, or of a duty owing from a municipal corporation. And the doctrine that would support the present case would equally sanction a resort to this writ in almost every instance when one of these corporate bodies refused or neglected to perform its contracts or to pay its debts. The present relator asks this court to order the defendants to fulfil the contracts alleged to have been made with the extinct corporation. What these contracts are, does not appear. All that is stated is that the one relates to the "regulating, curbing and grading " of a certain public street, and that the other concerns the construction of a sewer. The terms and mutual stipulations of these agreements are not shown, so that, even if a *mandamus* is to be converted into a bill for specific performance, it would be hardly consistent with principle judicially to order these agreements to be executed under present circumstances. Nor is it shown that the debt alleged to be due has in any way been ascertained with respect to amount. But it is not this want of specification and liquidation which occasions the defect most radical in the case of the plaintiff, but the infirmity already noted, that the

State, ex rel. Little, v. Township Committee of Union Township.

remedy applied for is not appropriate.    Ordinary suits at law will afford plenary redress for the grievances in question.

It is to be observed that the application for this remedy rests upon the grounds, first, that by force of the act of 1871, the corporation thereby created had the legal right to enter into the contracts referred to; and that, second, under the force of the repealing act of 1872, the duty of carrying out such contracts, and of paying all the debts which had grown out of them, was thrown on the defendants.    These grounds, which I have assumed, for present purposes, to be correct, render it undeniable that actions at law for breaches of the duties thus imposed, will lie in favor of the plaintiff against the defendants.    There can be no question that if the duties alleged exist, the defendants have rendered themselves liable to actions if they have refused to discharge them.    The theory, therefore, on which the plaintiff himself stands, conclusively demonstrates that he has in his power the usual remedy for a right withheld.    This ousts him very clearly from the extraordinary remedy by *mandamus*.

With regard to the case in which Magie is prosecutor, there is present another destructive element.    It is alleged in that writ that the indebtedness, the payment of which is the sole purpose of the proceeding, was put into the form of three promissory notes.    In the return to the writ it is averred that the corporation making these notes was never indebted to the said Magie, "either at the time of making said notes, or at any other time, for improvements made under the act in said writ mentioned, as in said writ alleged."    The demurrer admits the truth of this allegation.

As this last case stands, therefore, the court is asked to order the payment of these notes which, it is conceded, are not founded on any possible legal consideration.    This circumstance, it is presumed, escaped the attention of the counsel of the plaintiff.

The writs in these cases, having been improvidently issued, should be respectively quashed.